IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD PETER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-394-N (BH) |
| | § | |
| RICHARD FISHER, | § | |
| | § | |
| Defendant. | § | Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to Special Order No. 3-251 this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is the *Motion to Dismiss of Defendant and Brief in Support* (docket #6), filed March 23, 2009. Based on the pertinent filings and applicable law, Defendant's motion should be **GRANTED**.

### I. BACKGROUND

On March 3, 2009, Plaintiff Richard Peter ("Plaintiff") filed this action *pro se* against Richard Fisher ("Defendant") in his representative capacity as the President of the Federal Reserve Bank in Dallas, Texas. (*See* Compl., docket #4). Plaintiff alleges that Defendant has violated Article 1, Section 8, Clause 5 of the United States Constitution by "unlawfully usurping the power of Congress to coin Money." (Compl. at 2). Plaintiff argues that "this printing of paper money, under the color of the law, is patently illegal because it changes the measure of the monetary unit by watering down the currency that [he] use[s] in [his] everyday transactions." *Id.* He also asserts that these notes "are not real and tangible wealth, and cannot be weighed and measured as coin," and that over his lifetime, he "has been forced under the color of law to place real property, homes,

lands, automobiles, into collateral for the receipt of what are designed as Federal Reserve Notes or instruments of debt." *Id*.

On March 23, 2009, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (Docket #6, "Mot."). Plaintiff filed his response on April 8, 2009 (docket #8, "Resp."), and Defendant filed his reply on April 24, 2009. (Docket #9, "Reply").

## II. RULE 12(b)(6) STANDARD

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). A Rule 12(b)(6) motion to dismiss should be granted when the complaint lacks a cognizable legal theory or fails to set forth facts sufficient to support a legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 1357 at 340 (1990); *UTex Communications Corp. v. Public Utility Comm'n of Texas*, 514 F.Supp.2d 963, 968 (W.D. Tex. 2007); *Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 661 (E.D. Tex. 2000); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 737-38 (S.D. Tex. 1998); *Vines v. City of Dallas, Tex.*, 851 F.Supp. 254, 259 (N.D. Tex. 1994). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts

as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205. (5th Cir. 2007). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 556. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

### III. ANALYSIS

Defendant moves for dismissal pursuant to Rule 12(b)(6) on the grounds that Plaintiff has failed to state a cognizable legal claim against Defendant. (*See* Mot. at 2-5).

The United States Constitution grants Congress the power both to borrow money on the credit of the United States and to coin money. U.S. Const., Art. 1, § 8, cl. 2, 5. Taken together, these powers authorize Congress "to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes." *Juilliard v. Greenman*, 110 U.S. 421, 448 (1884).

Plaintiff contends that Defendant "unlawfully usurp[ed] the power of Congress to coin Money." (Compl. at 2). This claim fails to state a claim upon which relief can be granted because Congress delegated its power to establish a national currency when it created the Federal Reserve System. 12 U.S.C. § 411, 412; *Mathes v. Comm'r of Internal Revenue*, 576 F.2d 70, 71 (5th Cir. 1978). Plaintiff's claim that the Federal Reserve cannot issue paper money is a "hopeless and

3

frivolous" claim soundly rejected by the Supreme Court 125 years ago. *Foret v. Wilson*, 725 F.2d 254 (5th Cir. 1984) (argument that only gold and silver coin are legal tender is "hopeless and frivolous") (citing *Juilliard*, 110 U.S. at 448). Likewise, Plaintiff's argument that Federal Reserve Notes are "not real and tangible wealth" is also hopeless and frivolous because notes issued by the Federal Reserve are the measure of value in the national monetary system and the common medium of exchange in all fiscal affairs of the nation. *United States v. Benson*, 592 F.2d 257, 258 (5th Cir. 1979); *Mathes*, 576 F.2d at 71.

In his response, Plaintiff additionally claims that Congress "unlawfully delegated its constitutional authority to regulate and coin money" to the Federal Reserve. (Resp. at ¶¶3, 11). Congress has the power "to make all laws which shall be necessary and proper" to carry out its enumerated powers, so it lawfully delegated its power to establish a national currency. U.S. Const., Art. 1, § 8, cl. 18; *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240, 303 (1935); *U.S. v. Lipscomb*, 299 F.3d 303, 323-24 (5th Cir. 2002); *see McCulloch v. Maryland*, 17 U.S. 316 (1819) (necessary and proper clause is constitutional). Plaintiff also argues that the constitutional prohibition on individual States from issuing their own currency should be applied to the federal government. (Resp. at ¶6). This argument is without merit since the power to create a national currency clearly is vested in the federal government. *Juilliard*, 110 U.S. at 445-46; *Veazie Bank v. Fenno*, 75 U.S. 533, 548 (1869).

In sum, Plaintiff's frivolous complaint challenges well-settled principles of constitutional law. Even when the Court views the facts alleged in the complaint in the light most favorable to Plaintiff, the Court finds that he failed to state a cognizable legal theory on which relief can be granted. Accordingly, Defendant's motion should be granted and Plaintiff's complaint should be

4

dismissed with prejudice. *Bell Atl.*, 550 U.S. at 556; *Vines*, 851 F.Supp. at 259.[1]

## IV. RECOMMENDATION

Defendant's *Motion to Dismiss* (docket #6) should be **GRANTED,** and Plaintiff's complaint should be **DISMISSED** with prejudice.

**SO RECOMMENDED** on this 13th day of May, 2009.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant also moves for dismissal under Rule 12(b)(7) for failure to join a party under Rule 19. His motion does not segregate the Rule 12(b)(6) and Rule 12(b)(7) arguments, but rather frequently interchanges the two bases for dismissal. (*See* Mot.). Since the Court recommends dismissal pursuant to rule 12(b)(6) for failure to state a cognizable legal theory, it does reach the Rule 12(b)(7) motion. It notes, however, that Plaintiff failed to join the United States Congress, a party that is required for the fair and complete resolution of the dispute. *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (articulating Rule 12(b)(7) standard). Any attempt to add Congress as a party would be futile since the government is entitled to sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (absent waiver, sovereign immunity shields the federal government and its agencies from suit).